

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

June 5, 2006

**VIA FACSIMILE**

Mr. Kenneth M. Robinson, Esq.
The Robinson Law Firm
717 D Street, N.W. Fourth Floor
Washington, D.C. 20004
FAX: (202) 347-0081

FILED
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: <u>United States v. Mary E. Garner,</u> CR No. 06-091 (RJL)

Dear Mr. Robinson:

This letter sets forth the full and complete plea offer to your client, Ms. Mary E. Garner. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on June 5, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Ms. Garner agrees to waive Indictment and to plead guilty by Information to one count of a violation of 18 U.S.C. § 1341 (Mail Fraud). By pleading guilty pursuant to this plea agreement, Ms. Garner hereby waives her right to trial by jury on any issues relevant to guilt or sentencing. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Garner and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Garner agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Garner's actions and involvement in the Mail Fraud. It is anticipated that during the Rule 11 plea hearing, Ms. Garner will adopt and sign the Statement of the Offense as a written proffer of evidence. Further, in Count One of the Information, the government has not alleged that the charged conduct occurred in the District of Columbia. The defendant hereby expressly waives any defense to Count One, based on venue.

2. **Potential penalties, assessments, and restitution:** Ms. Garner understands that the maximum sentence that can be imposed is twenty years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special

assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Ms. Garner further agrees that restitution, should the Court agree, would be in the amount of $11,959.35 which represents the $12,194.78 loss to the American Federation of Government Employees Local 3653, minus the $235.43 that Ms. Garner already repaid Local 3653. Notwithstanding the maximum sentence, Ms. Garner understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2002) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Garner understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the applicable, advisory Sentencing Guideline factors in this case are as follows:

A. **Offense Level under the Guidelines**

| § 2 | 2B1.1. | |
|---|---|---|
| | (a) Base Offense Level (Mail Fraud) | 6 |
| | (b) Specific Offense Characteristics (1) (C) Loss between $10,000 and $30,000 | +4 |
| § 3 | 3B1.3 (Abuse of Position of Trust) | +2 |
| | TOTAL | 12 |

Provided that Ms. Garner clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through her allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a 2-level reduction would be appropriate, pursuant to § 3E1.1(a), U.S.S.G. In accordance with the above, the parties stipulate that the applicable Guidelines offense level is 10.

B. **Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), Ms. Garner has no prior criminal history. Accordingly, Ms. Garner's known criminal history category is I.

C. **Applicable Guidelines Range**

Based upon the calculations set forth above, Ms. Garner's stipulated Sentencing Guidelines range is Zone B, **6 to 12 months** ("Stipulated Guidelines Range"). The parties further agree that a sentence within the Stipulated Guidelines range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553 (a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Your client and this Office agree that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2002), as well as a consideration of the applicable offense level above, in determining what would be a reasonable sentence in this case. In the event that this plea offer is either not accepted by Ms. Garner or is accepted by Ms. Garner but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Court Not Bound by the Plea Agreement:** It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact; as to the parties' determination of the applicable Guidelines range; or as to any agreement of the parties as to the reasonableness of the sentence within the Guidelines range. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries.

5. **Court Not Bound by the Non-Mandatory Sentencing Guidelines:** It is understood that the sentence to be imposed upon Ms. Garner is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Ms. Garner acknowledges that her entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make any promise or representation as to what sentence Ms. Garner will receive. Moreover, it is understood that Ms. Garner will have no right to withdraw her plea of guilty should the Court impose a sentence outside the Guidelines range.

6. **Financial Arrangements:** Ms. Garner agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; she also agrees to pay restitution in an amount to be determined by the Court, however, Ms. Garner agrees that she will not contest the government's request that she make restitution in the amount of $11,959.35. Ms. Garner also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

7.  **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Ms. Garner continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Garner in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Garner does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Garner.

8.  **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Garner's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9.  **Breach of Agreement:** Ms. Garner agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Garner should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Garner's release (for example, should Ms. Garner commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Garner's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Garner will not have the right to move to withdraw the guilty plea; (c) Ms. Garner shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Garner, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Garner has breached this agreement, and if Ms. Garner so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

10. **USAO-DC's Criminal Division Bound:** Ms. Garner understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Garner.

11. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Garner, Ms. Garner's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Garner may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Garner and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
United States Attorney

By: KIM A. HERD
Assistant United States Attorney
555 Fourth Street, N.W.
Room 10-840
Washington, D.C. 20530
(202) 616-9370

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement, consisting of the five previous pages, and have discussed the agreement with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6/26/06

Mary E. Garner, Defendant

I have read each of the five previous pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/26/06

Kenneth M. Robinson, Esq.
Attorney for Mary Garner, Defendant