UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  06-091 (RJL) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY E. GARNER | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO TERMINATE HOME DETENTION EARLY DUE TO HARDSHIP**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this Opposition to Defendant's Motion to Terminate Home Detention Early Due to Hardship.  For the reasons set forth herein, the government respectfully requests that the Court summarily deny Defendant's motion.

**DISCUSSION**

On June 26, 2006, Defendant Mary E. Garner, pled guilty to a one-count felony information charging her with a violation of 18 U.S.C. § 1341 (Mail Fraud), arising out of her theft of union funds.  On September 26, 2006, the Court sentenced Defendant to probation for a term of 60 months and ordered that she participate in the Home Detention/Electronic Monitoring program for a period of 180 days.  The Court also ordered Defendant to make restitution in the amount of $11,959.35, to perform 360 hours of community service, and to follow all other conditions of supervision.

Defendant's probation was transferred from Washington, D.C. to the United States Probation Office for the District of Maryland on November 1, 2006.  On November 9, 2006, Defendant began her participation in the Home Detention/Electronic Monitoring program.

On January 10, 2007, Defendant filed a Motion to Terminate Home Detention Early Due to Hardship. In her motion, Defendant alleged that the "hardship" was due to the fact that she had school-aged children whom she needed to transport to school and shopping, and that she needed "to see her mother regularly who is some (30) miles away and is having treatment for lung cancer." See Defendant's Motion at 1. In a letter to her attorney, Defendant also expressed concern that she was unable to spend time with her children outside of her home and that she could not look for employment without getting "permission." See Defendant's Motion, Addendum A.

The government opposes Defendant's motion for early termination from the Home Detention/Electronic Monitoring program. The Court ordered Defendant to participate in this program as part of her sentence, and Defendant has presented no new information that would warrant a change in her status.

Furthermore, on January 12, 2007, undersigned government counsel spoke with Sharon Stewart, a supervisor in the United States Probation Office for the District of Maryland where Defendant is being supervised. Although Defendant's assigned probation officer currently is on extended medical leave, Ms. Stewart is familiar with Defendant's supervision history. According to Ms. Stewart, Defendant's case file reflects that during the course of her probation, Defendant has been granted permission for leave to attend her children's activities, a job interview, a hairdresser's appointment, and to go shopping. Defendant has a permanent "schedule" for leave on Friday afternoons to take her daughter to Defendant's mother's home for the weekend and to pick her up again on Sundays. Although there was no information in Defendant's file indicating that Defendant had made a request to visit her mother at a hospital or a medical facility, or for more extensive visits with her mother, Ms. Stewart informed undersigned government counsel

that requests of this nature, if verified, would most likely be granted.

Thus, it is apparent that the United States Probation Office has been and is willing to accommodate Defendant's requests for leave from home detention/electronic monitoring. Defendant has advanced no compelling reason why her continued participation in the Home Detention/Electronic Monitoring program is unduly burdensome, especially given the United States Probation Office's willingness to accommodate her.

WHEREFORE, the United States respectfully requests that the Court deny Defendant's Motion to Terminate Home Detention Early Due to Hardship.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
Kim A. Herd, D.C. Bar No. 461615
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 305-4882

## **CERTIFICATE OF SERVICE**

      I HEREBY certify that a copy of the foregoing Motion was served via electronic filing this 12th day of January 2007, on Kenneth Robinson, Esq., 717 D Street, N.W., Washington, D.C. 20004.

 

                                                                                                     _____
                                                                                                       KIM A. HERD
                                                                                                       Assistant United States Attorney